IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:15-CR-161-09 |
| | § | |
| JOSHUA STONE | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 14, 2016, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Joshua Stone. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by federal public defender, Ken Hawk.

Defendant originally pled guilty to the offense of Conspiracy to Commit Bank Fraud, a Class B Felony. The offense carried a statutory maximum imprisonment term of 30 years. The United States Sentencing Guideline range, based on a total offense level of 5 and a criminal history category of I, was 0 to 6 months. On April 19, 2016, District Judge Amos Mazzant sentenced Defendant to 6 months imprisonment, followed by a three year term of supervised release subject to the standard conditions of release, plus special conditions to include payment of any financial penalty imposed by the Judgment, financial disclosure, shall not incur new credit charges, open additional lines of credit, or participate in any form of gambling unless payment of financial obligation has been paid in full, substance abuse aftercare, mental health aftercare, shall acquire a GED certificate, restitution of $1,332.75, and a $100 special assessment. On April 28, 2016, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to report to his probation officer as directed by the Court or probation officer and submit a written report within the first

five days of each month, refrain from excessive use of alcohol, purchase, possession, use, distribution, or administration of controlled substances, and participate in a program of testing and treatment for substance abuse. In its petition, the government alleges that Defendant violated his conditions of supervised release by submitting urine specimens that tested positive for methamphetamine and marijuana on May 9, 2016, failing to submit a supervision report for July 2016, and failing to report for random urine tests on August 4, 2016 and August 9, 2016. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. Upon finding a Grade B violation, the Court shall revoke a term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a). If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing marijuana, unlawfully using a controlled substance on or around May 9, 2016, failing to submit a supervision report in July 2016, and failing to participate in substance abuse aftercare, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 9 months imprisonment with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Joshua Stone be committed to the custody of the Bureau of Prisons for a term of imprisonment of 9 months with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be Seagoville, Texas to allow family visitation and further recommends drug treatment.

**So ORDERED and SIGNED this 14th day of December, 2016.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE